IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERRY MARSHALL<br>　　　　Plaintiff,<br><br>v.<br><br>DALLAS POLICE DEPARTMENT,<br>et al.,<br>　　　　Defendants. | Case No. 3:21-cv-02213-E-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Perry Marshall, proceeding *pro se*, initiated this civil action on September 16, 2021, by presenting his handwritten complaint (ECF No. 1) at the intake desk in the District Clerk's Office. Marshall did not pay the filing fee or file a proper request to proceed *in forma pauperis*. Additionally, although he used a court-provided form, his complaint failed to comply with Federal Rule of Civil Procedure 8(a). Accordingly, the Court issued a Notice of Deficiency and Order (ECF No. 4), which ordered him to pay the filing fee or file a motion to proceed *in forma pauperis* and file a complaint in compliance with Rule 8(a). The Order informed Marshall that failure to cure the deficiencies by October 20, 2021 could result in a recommendation that his case be dismissed.[1] Marshall has returned to the Clerk's office on several occasions and has had multiple conversations with the Clerk's Office staff. He has filed several motions for miscellaneous relief, but he has

---

[1] The Court later granted Marshall's request for an extension and extended the deadline to November 22, 2021. (ECF No. 6).

1

failed or refused to comply with the Court's Order. Also, Marshall's claims are factually frivolous. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, under 28 U.S.C. § 1915(e).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Despite generous assistance from the Clerk's Office staff, Marshall has failed to comply with the Court's Order to either pay the filing fee or file a proper motion to proceed *in forma pauperis* and to file a complaint that complies with Rule 8(a). This litigation cannot proceed until he cures these deficiencies. Although the Court granted Marshall an extension of time to cure the deficiencies, his conduct demonstrates an unwillingness or inability to comply. Rather than pay the fee or file a motion to proceed *in forma pauperis*, Marshall has filed miscellaneous motions and made *ad hominem* attacks against the Court. Marshall has failed to

prosecute his lawsuit and also failed to obey a court order. Under these circumstances, dismissal without prejudice is warranted under Rule 41(b).

In the alternative, the Court should dismiss Marshall's complaint under 28 U.S.C. § 1915(e), which provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[2] 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Marshall alleges he is the victim of a conspiracy that placed him in a "secret evil program" and inserted "implants" into his body. The implants allegedly are "heating up his brain and other parts of [his] body" and making him very sick. He contends that Dallas Police officers and Dallas County criminal judges named as defendants are part of the conspiracy and that they have tried to have him killed

---

[2] Based on the address Marshall provided on all his written submissions, the Court understands he is living at The Bridge Homeless Recovery Center in Dallas and that he would likely be entitled to proceed *in forma pauperis*, if he filed a proper motion.

3

because they have "life insurance policies on him." He wants the Court to order the implants removed and have the defendants arrested. These allegations are factually frivolous and are not rational or credible. Accordingly, the Court should dismiss Marshall's complaint under § 1915(e). *Mason v. Texas*, 2018 WL 6930108, at *1 (N.D. Tex. Oct. 17, 2018), *rec. adopted*, 2019 WL 1330341 (N.D. Tex. Jan. 14, 2019) (dismissing claims as frivolous where plaintiff alleged defendants used doctors to place microphones in her ears or teeth and the microphones were damaging her health); *see also Grant v. U.S. Gov't*, 2014 WL 6685035, at *4 (E.D. Cal. Nov. 25, 2014) ("Plaintiff's claims that the Government implanted a device in him can best be described as frivolous.").

SO RECOMMENDED.

Signed October 5, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).